Filed 12/5/24  P. v. Sala CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084028 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 24PA000064) |
| DILLON MATTHEW SALA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Donna G. Garza, Judge.  Affirmed.

Jennifer M. French, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from an order revoking parole after the court held an evidentiary hearing.

Dillon Matthew Sala was convicted of evading police while driving recklessly (Veh. Code, § 2800.2, subd. (a)).  He was also convicted of indecent exposure (Pen. Code, § 314.1, subd. (1)).  Sala was sentenced to a determinate term in prison and later released on supervised parole.

The trial court revoked Sala's parole on two occasions prior to the current revocation.

In the current matter, the court held an evidentiary hearing at the conclusion of which the court found Sala violated parole by failure to timely report.

Sala filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*.

We offered Sala the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Appellate counsel has submitted a summary of the facts presented at the evidentiary hearing. We will include counsel's summary for background.

Parole Officer Ross was the sole witness at the February 29, 2024 parole violation hearing. Ross testified that, on January 9, 2023, Sala reviewed and signed his notice and conditions of parole. Condition No. 2 required Sala to "report to [his] parole agent on the first working day following [his] release [from custody.]" Because of his prior conviction, Sala was required to be supervised using GPS technology under Penal Code section 290. Penal Code section 3010.10, subdivision (a), also required Sala to report to his parole officer within one working day after release from custody to obtain a GPS monitoring device.

On January 10, 2024, at approximately 3:18 p.m., the Robert Presley Detention Center released Sala from custody. Ross testified that Sala failed to appear to the Riverside Parole Office on January 11, 2024. On January 12,

2

2024, Ross attempted to locate Sala by canvassing local transient areas of downtown San Bernardino and calling local hospitals but was unable to locate him. The parole office also verified that Sala was not in local custody using the San Bernardino County and Riverside County Sheriffs' websites. On January 12, 2024, the duty judge signed an after-hours warrant, which another judge reaffirmed on January 16, 2024. Ross testified that the parole office was closed on the weekends and on January 15, 2024 for Martin Luther King Day.

On Tuesday, January 16, 2024, at approximately 2:50 p.m., Sala reported to the Riverside Parole Office and was arrested. Ross interviewed Sala on the way to Central Detention Center. He testified that, when asked about why Sala did not report to the parole office as ordered, Sala replied, "[i]t's only two days, it's not a big deal." Ross also testified about Sala's two previous parole violations for failing to report.

At the conclusion of the hearing, the People moved to have Sala held in violation of parole. Trial counsel argued that the GPS condition was not reasonably related to his underlying conviction under Vehicle Code section 2800.2, subdivision (a). Counsel further argued that the case did not involve "the most egregious of violations" because Sala was released on a Wednesday, and he reported on a Tuesday after a holiday weekend. Counsel requested a lesser or reasonable sentence below the statutory maximum. The People sought the maximum of 180 days in custody based on Sala's failure to report for five days and the two previous failures to report.

The trial court found a violation for absconding. The trial court based its finding on Sala's reporting to the parole office "five or six days" after his release from custody. It also found Sala "was his own worst enemy" when he

3

told the parole officer, "[i]t's no big deal. It was only two days." The trial court concluded, "two days does make a difference."

## DISCUSSION

As we have noted, appellate counsel has submitted a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues which were considered in evaluating the potential merits of this appeal.

1.   Whether there was sufficient evidence presented to establish violation of Sala's parole.

2.   Whether the court properly calculated presentence custody credits.

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sala on this appeal.

## DISPOSITION

The order revoking Sala's parole is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.

4